# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JULIE ANN FRANCKE,

                     Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                     Defendant.

Case No. 16-CV-1611-JPS

**ORDER**

      Julie Ann Francke filed a complaint in this matter and a motion for leave to proceed without prepayment of the filing fee. (Docket #1, #2). The Court may grant the plaintiff's motion to proceed without prepayment of the filing fee if it determines that: (1) the plaintiff is truly indigent and unable to pay the costs of commencing this action; and (2) the plaintiff's action is neither frivolous nor malicious. 28 U.S.C. §§ 1915(a), (e)(2).

      As to the first requirement, the privilege to proceed without payment of costs and fees "is reserved to the many truly impoverished litigants who…would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). The plaintiff does not satisfy that definition in this case.

      In her motion for leave to proceed *in forma pauperis*, the plaintiff made statements about her income under oath. (Docket #2). Her statements show that her monthly income totals $2,800.00, most of which comes from her spouse (she has no dependents). *Id.* at 2. She also owns two vehicles with a total value of $9,000.00, and a savings account containing $500.00. *Id.* at 3. The plaintiff's expenses are as follows: $800.00 for rent, $275.00 for car

payments, $1000.00 for credit card payments, $1,800.00 for "other household expenses," and $400.00 for insurance. *Id.* at 2-3. The plaintiff does not provide any elaboration as to the her largest expense, "other household expenses." Further, without such high "other household expenses," her household income would nearly match or even exceed her expenses. Given the lack of specificity about that item, and her otherwise substantial household income, the court cannot fairly conclude that the plaintiff is indigent for the purpose of 28 U.S.C. §§ 1915(a), (e)(2). While the Court acknowledges that it may be difficult for the plaintiff to pay the filing fee, the plaintiff would "still be able to provide [her]self…with the necessities of life," if required to pay the filing fee, and so the Court cannot find her indigent. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Because the Court finds that the plaintiff is able to pay the filing fee, and so is not indigent, the Court will deny her motion for leave to proceed *in forma pauperis* and require her to pay that fee within 14 days. If she fails to pay that fee, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED**; the plaintiff shall pay the full $400.00 filing fee in this action **within fourteen (14) days** of the entry of this order; failure to do so will result in the dismissal of this action without prejudice and without further notice.

Dated at Milwaukee, Wisconsin, this 12th day of December, 2016.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge