# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JULIE ANN FRANCKE,

                              Plaintiff,

v.                                                          Case No. 16-CV-1611-JPS

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                              Defendant.                              **ORDER**

The plaintiff, Julie Ann Francke, filed this action complaining that the administrative law judge (the "ALJ") evaluating her claim for disability insurance benefits ("DIB") had erred in denying those benefits. (Docket #1). The Court directed the parties to meet and confer in a good faith effort to resolve the matter, (Docket #8 at 1), the result of which was a determination by both parties that the ALJ had, in fact, erred and that the case must be remanded. (*See* Docket #14 at 2, #15-2 at 7). The parties were unable to reach an agreement on a joint stipulation for remand, though, because they disagree about whether this Court should require a *de novo* hearing on remand.

The Commissioner filed a motion to remand, "pursuant to sentence four of 42 U.S.C. § 405(g)," to allow the Social Security Administration ("SSA") "to reevaluate the record evidence, including the record opinions and Francke's subjective complaints of symptoms." (Docket #14 at 2). If necessary, the ALJ "will reassess Francke's residual function capacity" and "obtain supplemental vocational evidence." *Id.* According to the Commissioner, "a *de novo* hearing is not required in this case because Francke's date last insured was December 31, 2014, and the record contains sufficient evidence to assess Francke's residual functional capacity as of that

date." *Id*. According to the HALLEX manual—a publication of the SSA with guidelines regarding the Social Security Disability appeals process—ALJs are not required to hold a hearing for DIB claims "when the period at issue expired before the date of the hearing decision." HALLEX II-5-1-3. In this case, the ALJ held a hearing on May 11, 2015, and issued a written decision on September 2, 2015. (Docket #14 at 1.)

The Court will not require a *de novo* hearing on remand. Simply put, the Commissioner and the SSA are in the best position, on remand, to determine what course of action is necessary to comply with the dictates of the governing regulations, statutes, and Constitutional provisions. The Court does not wish to interfere with that process by dictating that the SSA conduct additional procedures, which may, ultimately, prove unnecessary. As is the Court's practice in most cases involving a remand to the SSA, the Court will order that the ALJ issue a new decision consistent with all applicable rules and regulations as interpreted in relevant Seventh Circuit case law. While this does not guarantee the correct outcome, at least it will allow the ALJ to act in accordance with the Seventh Circuit's dictates. *See* SSR 96-1p. And if the ALJ were to deny her benefits again in error, the plaintiff would, of course, be able to appeal that denial.

For these reasons, the Court determines that the best course of action is to grant the Commissioner's motion to remand this case without requiring a *de novo* hearing.

Accordingly,

**IT IS ORDERED** that the Commissioner's motion to remand the case (Docket #13) be and the same is hereby **GRANTED**; this matter be and the same is hereby **REMANDED** to the Commissioner of Social Security

pursuant to Sentence Four of Section 205 of the Social Security Act, 42 U.S.C. § 405(g);

**IT IS FURTHER ORDERED** that, on remand, the ALJ shall issue a new decision consistent with all applicable rules and regulations as interpreted in relevant Seventh Circuit case law; and

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file a motion for summary judgment (Docket #15) be and the same is hereby **DENIED** as moot.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 20th day of April, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge