# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JULIE ANN FRANCKE,

                              Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

                             Defendant.

Case No. 16-CV-1611-JPS

**ORDER**

        Plaintiff, Julie Ann Francke, filed this action complaining that the Social Security Administration's administrative law judge ("ALJ") erred in denying her disability insurance benefits. (Docket #1). The parties agreed that the ALJ's decision was, in fact, erroneous. (Docket #14 at 2 and #15-2 at 7). However, the parties could not agree on a joint stipulation for remand. Plaintiff wanted the Court to order a *de novo* hearing on remand, while the Commissioner did not believe such a hearing was necessary. *See* (Docket #14 at 1–2). The Commissioner filed a motion to remand laying out her position as to a *de novo* hearing, *see* (Docket #13 and #14), and Plaintiff responded, asking that the case proceed in this Court through merits briefing because the parties could not agree to a remand remedy, *see* (Docket #15).

        On April 20, 2017, the Court granted the Commissioner's motion and remanded the case. (Docket #16 and #17). In its remand order, the Court declined to require a *de novo* hearing. (Docket #16). Instead, the Court deferred to the judgment of the Social Security Administration as to the

necessity of such a hearing and ordered that the ALJ issue a new decision consistent with all applicable rules and regulations as interpreted in relevant Seventh Circuit case law. *Id.* at 2.

Plaintiff then brought a motion for attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, seeking a total of $4,387.38. (Docket #18). The Commissioner responded, opposing Plaintiff's request for fees in part. (Docket #21). Specifically, the Commissioner stipulated to all portions of Plaintiff's request for costs and fees apart from her request to have the government pay her attorney's fees for the 10.7 hours he expended on April 15 and 16, 2017, unsuccessfully opposing the Commissioner's motion to remand, and the 2.6 hours he spent on May 17 and 18, 2017, after Plaintiff rejected the government's EAJA settlement offer. *Id.* at 2. Plaintiff filed a reply, in which she defended the request for a full award of fees and amended her request to include compensation for the 3.6 hours her attorney spent preparing the EAJA reply brief. (Docket #22). The total she now requests is $4,648.88. *Id.* at 7.

The EAJA allows for an award of fees to a plaintiff in cases against the United States when: (1) the United States' position was not "substantially justified"; (2) there is no special circumstance that would render an award unjust; and (3) the plaintiff's application for fees is timely. 28 U.S.C. §§ 2412(d)(1)(A), (B); *see also United States v. Hallmark Const. Co.*, 200 F.3d 1076, 1078–79 (7th Cir. 2000) (citing *Commissioner, INS v. Jean*, 496 U.S. 154, 158 (1990)); *Youngblood v. Colvin*, No. 13-CV-209-JPS, 2014 WL 2918575, at *2 (E.D. Wis. June 27, 2014). It is Plaintiff's burden to prove that her fee request is reasonable, and the district court "has discretion in

making this equitable judgment" in light of the degree of success obtained in the litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 436–37 (1983).[1]

In support of her argument for reduced fees in this case, the Commissioner relies on *Uphill,* a 2003 case from this District that this Court has previously cited with approval. *See Uphill v. Barnhart*, 271 F. Supp. 2d 1086, 1088 (E.D. Wis. 2003); *see also Youngblood,* No. 13-CV-209-JPS, 2014 WL 2918575, at *2 (noting that *Uphill* provides a "very good framework for analyzing EAJA requests"). The *Uphill* court explained that in cases where courts grant requests by the Commissioner for remand, they typically apply the following framework to the plaintiff's subsequent request for fees under the EAJA:

> 1. If the Commissioner moves for remand promptly upon the filing of the action, and the plaintiff unreasonably opposes the motion, the court may deny fees entirely.
>
> 2. If the Commissioner moves for remand after the plaintiff has filed for summary judgment or otherwise briefed the merits, and the plaintiff agrees to the remand, fees should be awarded for the entire amount of time expended on the litigation.
>
> 3. If the Commissioner moves for remand after the plaintiff has filed for summary judgment or otherwise briefed the

---

[1]The Commissioner does not dispute that Plaintiff is the prevailing party. (Docket #21 at 1). She also does not dispute that there was no substantial justification for defending the ALJ's decision; that Plaintiff filed a timely EAJA petition including all necessary elements and meets all other standards of the EAJA; that $183.75 is the correct hourly rate for attorney time in this matter; and that Plaintiff is entitled to $400.00 in costs as requested. *Id.* The Commissioner stipulates to the payment procedures that Plaintiff requests, including possible offset for pre-existing debts owed to the government pursuant to *Astrue v. Ratliff,* 130 S.Ct. 2521 (2010). *Id.* at 2. Finally, the Commissioner stipulates that Plaintiff is entitled to compensation for 8.4 of the attorney hours requested. *Id.* at 1–2.

merits, and the plaintiff opposes remand, the court must analyze the basis for the plaintiff's opposition.

> a. If the plaintiff opposed remand in order to obtain a judicial award of benefits, the court must determine whether plaintiff's expectation of such an award was reasonable. If so, full fees should be awarded; if not, fees should be awarded only for the time spent prior to the motion or recommendation for remand.
>
> b. If the plaintiff opposed remand because she sought additional judicial directives to the ALJ, the court should determine whether the plaintiff's requests were reasonable and, if they were granted, the extent to which the plaintiff obtained any advantages on remand.

*Uphill,* 271 F. Supp. 2d at 1091–92 (internal citations omitted).

In *Uphill*, the plaintiff opposed the defendant's voluntary motion for remand, instead arguing for a judicial award of benefits. *Id.* at 1089. The court granted the defendant's motion to remand, but the remand order included directives to the ALJ that the defendant bore the burden of proof in a termination of benefits case and that the ALJ should apply the eight-step sequential evaluation process in making his decision on remand. *Id*. at 1095. The court rejected the plaintiff's argument that these directives constituted a victory sufficient to justify an award of all of the fees sought, noting that these directives were only a "side effect" of arguments the plaintiff presented, that the burden of proof issue was already addressed by regulations, and that there was no indication that the plaintiff had sought additional directives from the defendant and been rebuffed. *Id*. at 1095–96. Nonetheless, the court found that the plaintiff had obtained sufficient benefit from the opposition briefing to warrant an award of *some* EAJA fees because his efforts produced directives to guide the ALJ on

remand. *Id*. at 1096. The court awarded twenty percent of the fees incurred after the Commissioner's motion to remand was filed. *Id.*

In this case, the Commissioner filed her motion to remand before Plaintiff filed her opening brief. *See* (Docket #13 and #14). Plaintiff then filed a "motion for leave to file a summary judgment brief" in which she opposed the Commissioner's request for a remand and instead asked the Court to consider the merits of an attached summary judgment submission. (Docket #15). In her summary judgment brief, Plaintiff asked that the Court reverse and remand the case to the Social Security Administration with the following instructions:

> IT IS HEREBY ORDERED that this matter be REVERSED and the same is hereby REMANDED to the Commissioner of Social Security pursuant to Sentence Four of Section 205 of the Social Security Act, 42 U.S.C. § 405(g); and, on judicial remand, the Appeals Council will instruct an Administrative Law Judge (ALJ) to take further action to complete the administrative record. The ALJ will reevaluate the record, including reevaluation of opinion evidence. The ALJ will reevaluate the intensity, persistence, and functionally limiting effects of Plaintiff's symptoms. The ALJ will proceed through the sequential evaluation process as needed to reach a decision. If the evaluation reaches step four, the ALJ will reevaluate Plaintiff's residual functional capacity, and the ALJ will obtain vocational testimony as needed to support a decision. If the ALJ is not able to reach a decision that is fully-favorable to Plaintiff, the ALJ will offer Plaintiff the opportunity for a hearing where Plaintiff may testify, examine witnesses, and submit additional arguments and evidence.
>
> IT IS FURTHER ORDERED that, on remand, the ALJ shall issue a new decision consistent with all applicable rules and regulations as interpreted in relevant Seventh Circuit case law. The Clerk of Court is directed to enter judgment accordingly.

(Docket #15-2 at 1). In other words, Plaintiff did not oppose remand in order to obtain a judicial award of benefits. She opposed remand because she sought specific judicial directives to the ALJ.

Turning to the *Uphill* framework, the Court finds that the circumstances of this case fit between the first category and the third. The first category includes cases where the government moves promptly for remand and the plaintiff unreasonably opposes it. Here, the government did not move "promptly"; the government moved for remand long after the Court entered a briefing schedule and just two weeks before Plaintiff's opening brief on the merits was due to be filed. *See* (Docket #8 and #13). But, of course, Plaintiff had not yet actually filed her brief on the merits, and that fact weighs in favor of limiting fees incurred to prepare an unnecessary summary judgment brief.

The third *Uphill* category is also a close fit for this case because Plaintiff was on the cusp of filing her merits brief when the Commissioner moved to remand. This is evident by the fact that just two days after the Commissioner filed her remand motion, Plaintiff filed a motion for leave to file a summary judgment motion, which she attached to her motion. (Docket #15). For the third *Uphill* category, where the plaintiff briefs the merits of the case and opposes remand because she seeks additional judicial directives to the ALJ, the court determines whether the plaintiff's requests were reasonable and, if they were granted, the extent to which the plaintiff obtained any advantages on remand.

In this case, Plaintiff did not succeed in persuading the Court that any additional directives, apart from the Court's usual instruction that the ALJ follow the applicable laws and rules, should be included in the remand

order. Further, nearly all of the additional directives Plaintiff sought (*i.e.*, instructing the ALJ to reevaluate the record, including the opinion evidence and Plaintiff's symptoms; to proceed through the sequential evaluation process as needed to reach a decision; if the evaluation reaches step four, to reevaluate Plaintiff's residual functional capacity and obtain vocational testimony as needed), were included in the Commissioner's proposed remand order. (Docket #13-1). Therefore, Plaintiff's opposition to remand based on her desire for these additional directives was unreasonable. For the only proposed directive on which the parties did not agree—whether the remand order should direct the ALJ to offer a rehearing—the Court did not find in Plaintiff's favor. For the reasons described in the Court's remand order, *see* (Docket #16), requiring a rehearing, as Plaintiff wanted, was not appropriate in this case.

Therefore, because (1) the Commissioner moved for remand before Plaintiff filed her brief on the merits, (2) the Commissioner proposed a remand order that was reasonable in light of Plaintiff's position on remand; and (3) Plaintiff did not succeed in persuading the Court to order a rehearing on remand, the Court finds that Plaintiff is not entitled to compensation for the time her lawyer spent opposing remand in this case.

For similar reasons, the Court further finds that Plaintiff is not entitled to compensation for the time her lawyer spent litigating the EAJA payment issue after rejecting the Commissioner's EAJA settlement offer. The parties indicate that the Commissioner's settlement offer included compensation for Plaintiff's counsel's time prior to the Commissioner moving to remand as well as counsel's time spent preparing EAJA materials and negotiating with the Commission regarding EAJA payments. (Docket #19 at 1 and #21 at 1–2). Plaintiff rejected this compromise, seeking

compensation for the time her attorney spent opposing remand. Because the Court has found that Plaintiff's opposition to remand was not reasonable, opposing a settlement offer on that ground was also not reasonable.

The Court will grant an award of attorney fees and costs in the amount of $2,494.75. This includes 8.4 hours of attorney time to which the Commissioner stipulated, consisting of Plaintiff's counsel's time spent on the case before the Commissioner moved to remand and a portion of Plaintiff's counsel's time spent preparing EAJA materials and negotiating with the Commissioner's counsel regarding EAJA fees. *See* (Docket #20-1 and #21 at 1–2). The Court's award also includes an additional 3 hours for time Plaintiff's counsel spent on April 15, 2017 performing legal research regarding the law the Commissioner cited in her motion to remand. *See* (Docket #20-1 at 3). This work was reasonable in light of Plaintiff's counsel's need to evaluate the merits of consenting to or opposing the remand motion. Finally, the award includes $400.00 for costs, which is an amount on which both parties agree. *See* (Docket #19-1 and #21 at 1).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for an award of attorney's fees and expenses (Docket #18) be and the same is hereby **GRANTED in part**. An award of attorney fees and expenses in the sum of $2,494.75 shall be paid by Defendant in full satisfaction and settlement of any and all claims Plaintiff may have in this matter pursuant to the EAJA. These fees are awarded to Plaintiff and not Plaintiff's attorney and can be offset to satisfy pre-existing debts that the litigant owes the United States under *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010). If counsel for the parties verify that Plaintiff owes no pre-existing debt subject to offset, then Defendant shall

direct that the award be made payable to Plaintiff's attorney pursuant to the EAJA assignment signed by Plaintiff and counsel. If Plaintiff owes a pre-existing debt subject to offset in an amount less than the EAJA award, the Social Security Administration will instruct the U.S. Department of Treasury that any check for the remainder after offset will be made payable to Plaintiff and mailed to the business address of Plaintiff's attorney.

Dated at Milwaukee, Wisconsin, this 9th day of July, 2018.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge